IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICTOF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Tonya Mitchell** | : | **Case No.** |
| 2379 Edmonton Road | : | |
| Columbus, Ohio 43229 | : | |
| | : | |
| And | : | **Complaint and Jury Demand** |
| | : | |
| **Mikeal Mitchell, by his next** | : | |
| **Best Friend, Tonya Mitchell** | : | |
| 2379 Edmonton Road | : | |
| Columbus, Ohio 43229 | : | |
| | : | |
| And | : | |
| | : | |
| **Michelle Mitchell, by her next** | : | |
| **Best Friend, Tonya Mitchell** | : | |
| 2379 Edmonton Road | : | |
| Columbus, Ohio 43229 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| Vs. | : | |
| | : | |
| **WESTERVILLE CITY SCHOOL** | : | |
| **DISTRICT-BOARD OF EDUCATION** | : | |
| 936 Eastwind Drive | : | |
| Westerville, Ohio 43081 | : | |
| | : | |
| And | : | |
| | : | |
| **WESTERVILLE CITY SCHOOLS** | : | |
| **TRANSPORTATION SERVICES** | : | |
| 125 E. Walnut Street | : | |
| Westerville, Ohio 43081 | : | |
| | : | |
| And | : | |
| | : | |
| **POINTVIEW ELEMENTARY SCHOOL** | : | |
| **720 Pointview Drive** | : | |
| Westerville, OH 43081 | : | |
| | : | |
| And | : | |

1

|  |  |
|---|---|
| **DEIDRE A. VANDEWATER**<br>125 E. Walnut Street<br>Westerville, Ohio 43081 | :<br>:<br>:<br>: |
| And | :<br>: |
| **KRISTEN L. HAUSER-KROMMINGA**<br>720 Pointview Drive<br>Westerville, Ohio 43081 | :<br>:<br>:<br>: |
| And | :<br>: |
| **JEANNE S. ROTH**<br>720 Pointview Drive<br>Westerville, OH 43081 | :<br>:<br>:<br>: |
| And | :<br>: |
| **THE CITY OF WESTERVILLE<br>POLICE DIVISION**<br>29 S. State Street<br>Westerville, Ohio 43081 | :<br>:<br>:<br>:<br>: |
| And | :<br>: |
| **OFFICER J. BEACHLER, Badge #455**<br>Division of Police<br>29 S. State Street<br>Westerville, Ohio 43081 | :<br>:<br>:<br>: |
| And | :<br>: |
| **OFFICER BOBOVNYK, Badge #490**<br>Division of Police<br>29 S. State Street<br>Westerville, Ohio 43081 | :<br>:<br>:<br>: |
| And | :<br>: |
| **OFFICER PATRICK, Badge #523**<br>Division of Police<br>29 S. State Street<br>Westerville, Ohio 43081 | :<br>:<br>:<br>: |
|      Defendants. | :<br>: |

2

Now come the Plaintiffs, TONYA MITCHELL, MIKEAL MITCHELL, AND MICHELLE MITCHELL, by and through counsel Byron L. Potts and Olivia O. Singletary, and respectfully state the following:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.
2. The jurisdiction of this Court is predicated on 28 U.S.C. Section 1343 and 1331.

## PARTIES

3. Plaintiffs are and have been, at all times relevant, a resident of the City of Columbus, Franklin County, Ohio.
4. Defendants, Westerville City School District Board of Education and Pointview Elementary School are government entities duly authorized and operating under the laws of Ohio. They are or were, at all time relevant, the employer, master, and principal of the Defendants KRISTEN L. HAUSER-KROMMINGA and JEANNE S. ROTH and unnamed School Administrators.
5. Defendant Westerville City Schools Transportation Services is a government entity duly authorized and operating under the laws of Ohio. It was, at all time relevant, the employer, master, and principal of the Defendant DEIDRE A. VANDEWATER.
6. Defendant, The Westerville City Police Division is a government entity duly authorized and operating under the laws of Ohio. It was, at all time relevant, the employer, master, and principal of the Defendants OFFICER J. BEACHLER (Badge #455), OFFICER BOBOVNYK (Badge #490) and OFFICER PATRICK (Badge #523).
7. Defendants KRISTEN L. HAUSER-KROMMINGA, JEANNE S. ROTH, unnamed School Administrators, DEIDRE A. VANDEWATER, OFFICER J. BEACHLER (Badge #455), OFFICER BOBOVNYK (Badge #490), and OFFICER PATRICK

(Badge #523) are and were, at all times relevant acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

## FACTS

8. On or about October 19, 2011, Mikeal Mitchell, who is eight years old (hereinafter "Mikeal"), and Michelle Mitchell, who is seven years old (hereinafter "Michelle") were riding on their school bus to Pointview Elementary School (hereinafter "Pointview"). During the ride to school Mikeal teased another student, a ten-year-old named "Malaya."  Michelle suggested to Malaya that she should just ignore her brother; in response, Malaya struck Michelle in her face.  Michelle sought help from her brother, but then Malaya and her two sisters: one 9 years old and the other, whose age is unknown, began hitting Mikeal.
9. The altercation that ensued in which Malaya and her two sisters attacked Mikeal and Michelle was witnessed by the Defendant Deidre A. Vandewater, the bus driver (hereinafter "Ms. Vandewater").
10. When the bus arrived at the school, Ms. Vandewater instructed Mikeal and the other student to stay on the bus while she called an administrator.  Mikeal and Michelle were hungry so they tried to leave the bus; however, Ms. Vandewater yelled and blocked both children from leaving the bus.  The plaintiff children were scheduled to eat breakfast upon their immediate departure from the school bus since they had not eaten breakfast prior to leaving for school.
11. Principle Jeanne S. Roth (hereinafter "Ms. Roth") came out to the bus and also blocked their exit.
12. Mikeal was escorted to the office by Ms. Roth without incident.  Mikeal complied with Ms. Roth's instructions and walked on his own volition to her office.
13. Michelle attempted to go to breakfast but was not permitted to do so.
14. Eventually Michelle was taken to the office where Mikeal was already waiting. Mikeal and Michelle were kept in the office watched by Defendant Kristin L. Hauser-Kromminga (hereinafter "Ms. Hauser-Kromminga") until the police arrived.

15. Although the children stated that they were hungry and wanted to eat breakfast, they were not permitted to go to breakfast. Breakfast was not brought to them while they were waiting in the office for their mother to be called.
16. The other students, Malaya and her two sisters who had attacked Mikeal and Michelle were permitted to go on with the normal morning routine of having breakfast and then going to their classrooms, while Mikeal and Michelle were kept in Ms. Roth's office.
17. When Defendants Officer J. Beachler, Officer Bobovnyk, and Officer Patrick arrived, the children's behavior had become a little overbearing to the administrator. At some point one of the officers asked Mikeal to sit down in a chair and when Mikeal went to sit down, one of the officers pulled the chair out from underneath Mikeal causing him to fall and hit his head. At this point Mikeal and Michelle became upset and started yelling and crying at which point Officers J. Beachler and Bobovnyk threw the child to the ground and handcuffed Mikeal behind his back. When Michelle saw this happening to her brother, she became hysterical and started yelling at the officers telling them "don't do that to my brother" at which point Officer Patrick took Michelle to the ground and handcuffed her arms behind her back, yanking her arms out from under her stomach.
18. Mikeal and Michelle were put in the back of separate squad cars. Plaintiff, Tonya Mitchell (hereinafter "Ms. Mitchell") arrived at the school and observed Michelle handcuffed and in the back of the squad car crying and hysterical.
19. Another squad car had already left and taken Mikeal to the Westerville police station.
20. When the officer inside of the school saw that Ms. Mitchell had arrived, she hurried out to the squad car where Michelle was being held in handcuffs, in the rear of the cruiser, and another officer was seated in the driver's seat. The officer got into the cruiser and told the other officer in the driver's seat that "mother's here. Go. Go."
21. The children were taken separately to the Westerville Police Station and put in to separate cells while still handcuffed. Mikeal could hear his sister crying from the adjoining cell. Eventually Ms. Mitchell arrived at the station to pick up the children and take them home.

22. The Disorderly Conduct charges filed on Mikeal and Michelle through the Franklin County Juvenile Court were returned with a note advising that the charges would not be processed because of Mikeal's and Michelle's ages.

### FIRST CLAIM—WESTERVILLE POLICE OFFICERS, CIVIL RIGHTS VIOLATIONS UNDER 42 SECTION 1983

23. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.
24. The Defendant Officers J. Beachler, Bobovnyk, and Patrick were acting in their official capacity as Westerville Police officers in arresting the Plaintiffs and were acting under color of state law.
25. The Defendant Officers J. Beachler, Bobovnyk, and Patrick violated the Plaintiffs rights under 42 U.S.C. §1983 of the Civil Rights Act by violating the Plaintiffs rights guaranteed by the Constitution, which include the Plaintiffs Fourteenth Amendment right of Due Process, Equal Protection, and the Plaintiffs Fourth (4th) Amendment right against unreasonable and unlawful seizure of his person by using excessive force to restrain both Mikeal and Michelle.
26. The said acts by the Defendants, as described above, were proximately caused by standards, procedures and policies of the City of Westerville Police Department.
27. As a proximate result of the Defendant Officers J. Beachler, Bobovnyk, and Patrick actions, the Plaintiff has suffered compensatory damages, pain and suffering intentional infliction of emotional distress as well as other damages.
28. The Plaintiffs should be granted punitive damages because of the Defendant Officers J. Beachler, Bobovnyk, and Patrick acted with reckless disregard for federal law.

### SECOND CLAIM: CIVIL ASSAULT: EXCESSIVE FORCE BY WESTERVILLE POLICE OFFICERS

29. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.
30. The Defendant Officers J. Beachler, Bobovnyk, and Patrick intentionally offered, without authority or consent, to offensively touch and harm the Plaintiffs.
31. Defendant Officers J. Beachler, Bobovnyk, and Patrick assault constituted excessive force in detaining, apprehending, and subduing Plaintiffs who were MINORS. The

6

defendant police officers had a lesser intrusive means to resolve the dispute at the defendant Pointview Elementary School.  There was no evidence to indicate he plaintiff children were a danger to themselves or to others therefore there was no need to use the excessive means of placing the children in handcuffs while they were being detained by he defendants.  Furthermore; there was no reason to take the minor plaintiffs to jail when the facts demonstrate the minor plaintiffs' mother had been called by the school authorities and arrived at the school prior to the minor plaintiff, Michelle Mitchell, being taken to the Westerville Police Department and being placed in jail. Therefore, no privilege existed for the Defendants to assault the Plaintiffs.

32. Plaintiffs suffered compensatory damages as well as other damages.
33. Plaintiffs should receive punitive damages as a result of Defendant Officers J. Beachler, Bobovnyk, and Patrick intentional acts towards Plaintiffs.

### THIRD CLAIM: CIVIL BATTERY: EXCESSIVE FORCE BY WESTERVILLE POLICE OFFICERS

34. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.
35. Defendant Officers J. Beachler, Bobovnyk, and Patrick intentionally offered, without authority or consent, to harm and offensively touch the Plaintiffs.
36. Defendant Officers J. Beachler, Bobovnyk, and Patrick battery constituted excessive force in detaining, apprehending, and subduing Plaintiffs who were MINORS.  Therefore, no privilege existed for Defendants to commit battery on Plaintiffs Mikeal and Michelle.
37. As a proximate cause of Defendant Officers J. Beachler, Bobovnyk, and Patrick's battery on Plaintiffs Mikeal and Michelle, both children suffered compensatory damages, pain and suffering, as well as other damages.
38. Plaintiffs should receive punitive damages as a result of Defendant Officers J. Beachler, Bobovnyk, and Patrick intentional acts towards Plaintiffs.

### FOURTH CLAIM: FALSE IMPRISONMENT/FALSE ARREST BY DEFENDANT DEIDRE A. VANDEWATER AND THE CITY OF WESTERVILLE POLICE OFFICERS

39. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.
40. Defendant Deidre A. Vandewater unlawfully restrained and controlled Plaintiffs' physical liberty without probable cause to do so by preventing the children, Mikeal and Michelle from leaving the bus.
41. The Defendant Officers J. Beachler, Bobovnyk, and Patrick unlawfully restrained and controlled Plaintiffs physical liberty without probable cause or legal authority by handcuffing, unlawfully arresting and detaining the children in jail cells knowing that the children lacked the capacity to understand their actions given their ages.
42. The Defendant Officers J. Beachler, Bobovnyk, and Patrick physical assault and battery towards the Plaintiffs caused the Plaintiffs to have a fear and apprehension, which resulted in the Defendant officers overcoming the Plaintiffs' free will.
43. Plaintiffs have suffered physical and emotional trauma as the proximate result of the Defendants false imprisonment and false arrest.

### FIFTH CLAIM— INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY THE CITY OF WESTERVILLE POLICE OFFICERS

44. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.
45. On or about October 19, 2011, the Defendant Officers J. Beachler, Bobovnyk, and Patrick abused their position as police officers by intentionally, and without consent or justification, and without consent or justification use excessive force to restrain and detain the Plaintiffs Mikeal and Michelle.
46. The Defendant Officers J. Beachler, Bobovnyk, and Patrick acts of using excessive force that is, handcuffing and putting minor children of 7 and 8 years of age into jail cells were extreme and outrageous.
47. The acts of the Defendant Officers J. Beachler, Bobovnyk, and Patrick were beyond all bounds of decency.
48. The acts of the Defendant Officers J. Beachler, Bobovnyk, and Patrick extreme and outrageous conduct was the proximate cause of serious psychological and emotional

distress, not only to Mikeal and Michelle, but also to their mother, Ms. Mitchell, who observed Michelle seated in a cruiser, hand-cuffed behind her back, and then whisked away after she had arrived to pick up her children.

49. The Plaintiffs mental anguish was serious and of a nature that no reasonable person could be expected to endure. Furthermore, a reasonable person, of normal mental condition, would be unable to face satisfactorily the serious mental anguish and emotional distress caused by the Defendant Officers J. Beachler, Bobovnyk, and Patrick.

50. The Plaintiff children now have fear of police officers whenever they see them.

51. Plaintiffs Mikeal and Michelle have also had nightmares about the police doing bad things to them.

52. The Defendant Officers J. Beachler, Bobovnyk, and Patrick have caused permanent injuries caused by their act on the Plaintiffs and the Plaintiffs will incur further expenses as a proximate result of the Defendant Officers J. Beachler, Bobovnyk, and Patrick actions.

53. The Defendant Officers J. Beachler, Bobovnyk, and Patrick intentional infliction of emotional distress on the Plaintiffs was malicious, intentional, and an abuse of their power as police officers. Therefore, the Plaintiffs are entitled to compensatory damages, punitive damages, and all other damages the Court deems proper and necessary.

54. The acts of the Defendant Officers J. Beachler, Bobovnyk, and Patrick, if not intentional, were negligent and the proximate cause of the damages suffered by Plaintiffs. Therefore, Plaintiffs are entitled to compensatory damages, punitive damages, and all other damages the Court deems proper and necessary.

## SEVENTH CLAIM—DISCRIMINATION

55. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

56. Plaintiffs Tonya Mitchell, Mikeal Mitchell, and Michelle Mitchell are all African-American citizens of the United States of America.

57. Plaintiffs are members of a protected class under 42 U.S.C. Sections 1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.
58. Plaintiffs Michelle, Mikeal and Tonya Mitchell were all subjected to unlawful discrimination under 42 U.S.C. Section 1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States by Defendants Westerville City Schools, the Westerville City Police Division, Deidre A. Vandewater, and Jeanne S. Roth when they were detained, arrested, and jailed for an altercation Plaintiffs Mikeal and Michelle did not initiate, that occurred on the school bus while being transported to Pointview Elementary, that involved three other students, and that did not result in any serious injuries to anyone.
59. Plaintiffs were singled out for disparate treatment by all Defendants due to their race.
60. Plaintiffs Michelle and Mikeal were subjected to harsher discipline for similar infractions than students at Pointview who are not members of a protected class under 42 U.S.C. Sections 1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.
61. Pointview Elementary school disciplinary records will show that members of the protected class are disparately and disproportionately disciplined by Caucasian administrators at Pointview Elementary.

62. Students at Pointview Elementary who are not members of the protected class and who have committed similar infractions, such as fighting, have not been subjected to arrest, detainment, and jail confinement by Defendant Westerville City Police Division.
63. Parents of students at Pointview Elementary who are not members of a protected class under 42 U.S.C. Sections 1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States have not had their children whisked off to jail while handcuffed in the back of a police cruiser after the parents have arrived at the school to pick up their children, as was Plaintiff Tonya Mitchell's child, Michelle Mitchell.

64. Plaintiffs Michelle and Mikeal Mitchell were subjected to disparate treatment due to their race, African American, when they were expelled for eighty days (80) of school for fighting and disruption on the bus.
65. The punishment of being arrested, handcuffed behind their backs, jailed and expelled from school was more severe than necessary under the circumstances; and, therefore, constituted unlawful discrimination based upon race.
66. Students who are not members of a protected class under 42 U.S.C. Sections 1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States have not been expelled for the length of time Plaintiffs have for similar infractions.
67. The discriminatory actions that Plaintiffs Mikeal and Michelle were subjected to by Westerville administrators exacerbated the situation and caused the children serious emotional distress: as evidenced by their reaction (crying and yelling) to their treatment at the hands of the Westerville police officers.

WHEREFORE, Plaintiffs request judgment against the Defendants in an amount greater than $1,500,000 (one million five hundred thousand dollars): $500,000 for each child and mother in compensatory damages, punitive damages, pain and suffering, attorney's fees, and such further compensation that will fully compensate the Plaintiffs.

JURY DEMAND

Plaintiffs, by and through their undersigned attorney, demand a trial by a jury.

Respectfully submitted,
Byron L. Potts & Co., L.P.A.

/s/ Byron L. Potts
Byron L. Potts          (0040246)
Olivia O. Singletary    (0063282)
*Attorneys for Plaintiffs*
415 East Broad Street, Suite 112
Columbus, Ohio 43215
614-228-2154
614-228-2155 (fax)
byronpotts@msn.com

11