**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tonya Mitchell, et al., | : | |
| Plaintiffs, | : | |
| *vs.* | : | Case No. 2:11-cv-01057 |
| Westerville City School District Board of Education, et al., | : | Judge James L. Graham |
| | : | Mag. Judge Elizabeth Preston Deavers |
| Defendants. | : | |

**PLAINTIFFS' MOTION CONTRA FOR SUMMARY JUDGMENT OF DEFENDANT WESTERVILLE CITY SCHOOLS BOARD OF EDUCATION**

Pursuant to FRCP 56 (b), Plaintiffs respectfully move the Court for an order dismissing the Defendant Westerville City Schools Board of Education Motion for Summary Judgment. There are genuine issues of material fact in dispute and the Defendant is not entitled to judgment as a matter of law. This motion disputes the self-serving affidavits of Jeanne Roth, Deidre A. Vandewater and Chris Winesette. A memorandum of law is attached to the Plaintiff's Motion Contra.

Respectfully submitted,
Byron L. Potts & Co., L. P. A.

/s/ Byron L. Potts

Byron L. Potts (0042046)
415 E. Broad Street, Suite 112
Columbus, Ohio 43215
(614) 228-2154 office
(614) 228-2155 fax
Attorney for Plaintiffs

# MEMORANDUM IN SUPPORT

## I. FACTUAL ALLEGATIONS AND LEGAL CLAIMS AGAINST WESTERVILLE CITY SCHOOL BOARD

The sixth claim of the Plaintiff's complaint – Paragraphs 54-66 – states that Defendant Westerville City Schools Board of Education violated Mikeal and Michele Mitchell's rights by detaining, arresting and jailing them by subjecting them to disparate treatment based upon their race, black, and subjecting them to harsher discipline than non-minority Pointview students who were not members of a protected class. The Plaintiffs seek redress under 42 U.S.C. § 1983. The Plaintiffs do seek compensatory and punitive damages for their claims.

## II. STATEMENT OF UNDISPUTED FACTS

The Defendants rely on the attached affidavits of Deidre Vandewater, bus driver, Chris Winesette, Student Safety and Discipline Coordinator Westerville City School Board Coordinator, and Debbie Edwards Meissner, Director of Office of Health and Safety Services. The Plaintiffs' dispute that the facts in this matter are undisputed. The affidavits of the Defendants all mirror the same story that Mikeal and Michelle Mitchell, black students at Pointview Elementary School, were out of control, disruptive and assaulted other students on the bus and refused to follow the instructions of the bus driver, Principal Jeanne Roth, and ultimately the Westerville Police Department. This behavior resulted in the two minor children being taken into custody by the Westerville Police Department, transported to the Westerville jail, and finally released to the custody of their mother.

Reviewing the affidavit of Christopher Winesette, Student Safety and Discipline Coordinator Plaintiffs find several discrepancies in his affidavit regarding the facts in this matter. Mr. Winesette states that he has personal knowledge in this matter, however, a close review of the videotape and his actual presence at the scene of the incident reveal that most of his personal knowledge is second hand. Winesette was not on the bus that Mikeal and Michelle Mitchell were on and he did not arrive at the scene of the incident until much later when he bus was parked at Pointview Elementary School. In fact his affidavit speaks of no personal knowledge of the incident but only the videotape he reviewed of the school bus incident. This videotape was reviewed by counsel and the Plaintiff and what is recounted by Winesette on the tape is very different than what was actually viewed by Plaintiff and counsel.

The videotape demonstrates a bus where the majority of the children are out of control and it is impossible to distinguish who instigated any altercation on the bus. Witnesses for Defendants claim that Mikeal and Michelle Mitchell assaulted students on the bus but the videotape does not bear this

out. There is no clear indication that Mikeal Mitchell taunted anyone. In fact in his deposition testimony Mikeal indicates that he reacted to other children on the bus teasing and belittling his sister and told them to stop. The bus driver Deidre A. Vandewater states in her affidavit that "...as students were getting off the bus a female student hit Mikeal..." This is the only time in her affidavit that she states that any child hit another child and the child that did the hitting was not Mikeal or Michelle. In fact everything that Plaintiffs are accused of doing is also being done by the other children. Specifically, all the children, except a select few, are out of control, yelling on the bus, leaving their assigned seat, and being disruptive. Plaintiffs wonder how the bus driver, Deidre Vandewater, could single out Mikeal and Michelle Mitchell as the "taunters" and instigators of the incident when she was driving the bus. **CD-ROM attached to Affidavit from Chris Winesette**

Jeanne Roth testifies that both children refused to listen to her in the office and acted disruptively. Roth claims that Michelle Mitchell ran around her office and spun on the top of the table. She claims that Michelle threatened to hit her and knocked things off the shelf. Roth claims that she called Tonya Mitchell, mother to come to Pointview, however, Ms. Mitchell gave no indication when she would arrive at school. Roth claims because she feared for the safety of staff and students she decided to call the Westerville Police Department. Throughout this case there has been inconsistency on who called the police regarding the Plaintiff children. Deidre Vandewater, bus driver, stated that she asked for the police to be called after she radioed the school administrator to come to the bus. Secondly, Chris Winesette, School Administrator, stated that police assistance was requested after Mikeal Mitchell allegedly pushed the bus driver in an attempt to get off the bus.

A substantial question exists as to whether any Mitchell child assaulted anyone. Mikeal is accused of taunting other children on the bus, yet, there is no mention of the treatment his sister got from her classmates. The only documented "hit" on the bus came from one child who hit Mikeal Mitchell. It should be noted that Mikeal was hit by one of the little girls on the bus. Obviously, he was not looked at as a "threat" by the little girl, yet, the bus driver views Mikeal as intimidating, unruly, and disruptive. Mikeal repeatedly ask the bus driver to call his mother, yet, this request was denied by the bus driver and District Student Safety and Discipline Coordinator. According to Mikeal and Michele Mitchell they were upset about the fact that once the school bus reached Pointview Elementary School only Mikeal Mitchell was forced to stay on the bus. There is another classmate that is also detained and this only occurred when the classmate hit Mikeal Mitchell directly in front of the bus driver. There is no mention by any school administrator that both Mikeal and Michelle were scheduled for breakfast and neither child received breakfast on the day in question. All other children on the bus who were equally culpable were allowed access to breakfast while the Mitchell children were ushered of to the

office where eventually were handcuffed and taken to jail by the police. No other students on the bus were treated accordingly.

The Defendants through their affidavits and specifically, Deidre Vandewater, bus driver, and Jeanne Roth, Principal do not address the breakfast issue nor the children's' medical condition which could have been effected by the denial of feeding them breakfast. Jeanne Roth talks about Mikeal and Michelle's behavior in her office. In a nutshell she states that the children were disruptive, Michelle was running around her office and spun on the top of a table. Mikeal sat on the back of a chair and attempted to leave her office. The children would not listen to her and allegedly knocked things off the shelves.

In examining this matter closely what is not stated by the witnesses says a lot more than what is stated. The Mitchell children are charged by the school with assault on students and the bus driver. A review of the tapes does not show an assault of any students or teachers. The bus in question was in chaos. Plaintiff does not see how her children can be singled out for punishment when the whole bus was out of control and the actions of Deidre Vandewater clearly indicate she had very little ability to control the children on her bus. The tape shows that Mikeal Mitchell "pushing" the bus driver after he was told to stay on the bus, despite Ms. Vandewater indicating in her affidavit that Mikeal was hit by another student as she attempted to leave the bus. Mikeal was clearly upset about being detained on the bus and asked the bus driver to call his mother. A chronology of events demonstrates that the mother was not called until Mikeal and Michelle were in Jeanne Roth's office. While Mikeal jostled with the bus driver there is no evidence on the tape that Mikeal assaulted the bus driver.

The conduct of the children while in the Principal's office is disruptive; however, the conduct of the children in the Principal's office did not warrant the calling of the police for assistance. By the affidavit of the Principal there was no assault of the Principal, there were no objects broken or destroyed, and no altercation in the Principal's office.

The biggest problem in this matter is whether what happened to Mikeal and Michelle Mitchell is based upon race, black. The Defendants contend that all their actions in this matter were based upon following school protocol and not with regard to the race of the Mitchell children. The problem has been that through the discovery process the Defendants have failed to adequately supply the Plaintiff with documents that demonstrate that race was not a factor in Defendants' decisions to discipline the Plaintiff children. In the Affidavit of Jeanne Roth, Principal, ¶ 10 Roth states there have been other situations where she could not control a student nor guarantee the safety of students and staff so she called the Westerville Police. This alleged personal comparative treatment is not documented by student, race of student, or details concerning the personal behavior of the student(s) involved. Without

this data it is impossible to ascertain whether all students in the Westerville School District are treated the same with respect to race.

In 2011-2012 there are three (3) incidents that appear from the incident search report form generated by Westerville City Schools. Once again this data sheet lists no incident searches by name, race of student, and specifics to the incident. This lack of detailed information precludes the Plaintiff to do an adequate comparative analysis of treatment students by race within the Westerville School District.

The affidavit of Debbie Edwards Meissner, Director of Office of Health and Safety Services is insightful into the process whereby Mikeal and Michelle Mitchell were expelled from school. Ms. Meissner also serves at the Defendant's Hearing Officer and conducted the disciplinary hearings on Mikeal and Michelle Mitchell. The Plaintiff children were recommended for expulsion from school by the Principal, Ms. Roth. On October 19, 2011 both Mitchell children received Notice of Hearing and the Notices listed the charges against each child. The charges included assault on principal, assault on bus driver, disruptive and disorderly conduct on the school bus, refusal to follow the instructions of the school bus driver, principal, and police officers, and using profane language. **Attachment A, B**

On November 7, 2011 a hearing was held by Ms. Meissner to gather "evidence" on exactly what happened on October 19, 2011. Ms. Meissner states that the statements of the witnesses that appeared to wit: Christopher Winesette, Student Safety and Discipline Coordinator and Jeanne Roth, Principal along with the videotape supplied the evidence upon which Debbie Meissner made her recommendation for expulsion. In her affidavit it appears that Ms. Meissner based her recommendation on Mikeal Mitchell's continued taunting of students after he was instructed by the bus driver to cease from taunting students. Counsel's review of the tapes paints an entirely different picture. It is hard for Plaintiffs to believe that Mikeal Mitchell failed to comply with a cease taunting directive when Plaintiff does not understand how the videotape could be interpreted to see Mikeal taunting students when what the videotape clearly shows is a bus in chaos with multiple students climbing over and changing seats. The bus driver had lost control of her bus and how sole blame in this situation can be placed on the Mitchell children is hard to understand. First of all, how could the bus driver instruct Mikeal Mitchell to stop taunting students when she was watching the road and could not possibly see all that was happening behind her? Secondly, Chris Winesette in his affidavit clearly exaggerates the actions of the Mitchell children while minimizing the chaos that was occurring on the bus. As expressed earlier no assault of the bus driver or Principal occurred and viewing the videotape and charges levied against the Mitchell children this matter was blown out of proportion.

On October 25, 2011 the Defendant, Westerville City Schools, sent a letter to Tonya Mitchell

regarding a possible expulsion hearing for her two (2) children. The children were charged with insubordinate/disruptive behavior, use of profanity, serious bodily injury, assault, violation of school rules, and violation of bus rules. **Attachment C** Additionally, the School Board has rules and regulations- Bylaws & Policies 5610 Removal, Suspension, Expulsion, and Permanent Exclusion. **Attachment D** Reviewing this policy the Defendant School Board gave the Plaintiff children the second toughest penalty under the student code. The toughest penalty would have been permanent expulsion and the Mitchell children were given expulsion from school for a period of eighty (80) days. This penalty can only be imposed by the Superintendent. In further looking at Policy # 5610 it appears that the punishment given the Mitchell children was a severe punishment usually reserved for students who bring firearms to school, make bomb threats, or engage in violent conduct. Plaintiff's position is that none of the actions of the children rose to the level of an offense serious enough to constitute expulsion from school which would warrant an eighty (80) day suspension. The reasons for Plaintiff's beliefs have been set forth thoroughly in the memorandum.

The Court views the evidence in a light most favorable to the Plaintiff. The Court must not determine whether there is literally no evidence, but whether there is any fact upon which a jury could properly proceed to find a verdict for a party producing it upon whom the onus of proof is imposed. **Anderson v Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)**

Looking at this case it was imperative that Defendants provided complete information regarding discoverable information that was part of Plaintiff's inquiry. Unfortunately, Defendants never did actually comply with Plaintiff's request. The Defendants' initially sent all data regarding comparative treatment by CD-ROM to the Plaintiff's. This data was cumbersome, very hard to decipher, and did not list the incidents by race and color. I was agreed to "code" the information so that race and color could be readily discernible, however this was still incomplete. Plaintiff's position in this matter is that it should not be facing Summary Judgment in this matter because of Defendants' refusal or inability to provide comparative data on those cases at Pointview Elementary School which could evidence disparate treatment in discipline between minority and non-minority students.

## III CONCLUSION

This matter can be totally "cleaned up" by the Defendants' divulging the comparative data related to Principal Roth's affidavit where she states she has "handled similar situations where police had to be called to the school in a similar manner". This is questionable because Roth's affidavit grossly over exaggerates what happened on the bus and what occurred in the Principal's office. Her

description of the actions of Mikeal and Michelle Mitchell's actions seem like those of some very threatening and ominous kids rather than those of seven (7) and eight (8) year old children.

For all the reasons above, summary judgment on all the claims by Westerville School should be denied.

Respectfully submitted,
Byron L. Potts & Co., L. P. A.

/s/ Byron L. Potts
Byron L. Potts (0042046)
415 E. Broad Street, Suite 112
Columbus, Ohio 43215
(614) 228-2154 office
(614) 228-2155 fax
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to Defendants by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Byron L. Potts
Byron L. Potts (0040246)
Attorney for Plaintiffs