IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tonya Mitchell, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:11-CV-01057 |
| | : | |
| vs. | : | U.S. District Judge Graham |
| | : | |
| Westerville City School District | : | U.S. Magistrate Judge Deavers |
| Board of Education, et al., | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF DEFENDANTS DEIDRE A. VANDEWATER, JEANNE ROTH AND WESTERVILLE CITY SCHOOLS BOARD OF EDUCATION**

Supported by affidavits and citations to applicable law, all Defendants have filed motions for summary judgment. In addition, Defendant Westerville City Schools Board of Education has filed a motion for judgment on the pleadings. In response, Plaintiffs have filed three separate but nearly identical briefs. While Plaintiffs memoranda are chock full of counsel's opinions about the quality and interpretation of the affidavits and video filed in support of Defendants' motions for summary judgment, Plaintiffs have no evidence permitted by FRCP 56 creating a genuine dispute of material fact. Nor have Plaintiffs even attempted to explain why WCS's motion for judgment on the pleadings should not be granted. Thus, all pending dispositive motions should be granted.

I.  **MOTIONS FOR SUMMARY JUDGMENT**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine

issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

When a motion for summary judgment is supported as provided in FRCP 56(e), the non-moving party may not rest upon the allegations in his Complaint. The non-moving party's response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the opposing party's position is insufficient -- there must be evidence on which the jury could reasonably find for the opposing party. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 252 (1986).

The pending motions for summary judgment are supported by the affidavits of Deirdre A. Vandewater, Jeanne Roth, Debbie Phillips Meissner and Christopher Winesette (which authenticates a video of events that occurred on the school bus). Plaintiffs have responded to those motions by filing three separate but virtually identical briefs (Documents 73, 74 and 75).

Plaintiffs have filed no affidavits, depositions or other evidentiary materials authorized by FRCP 56. What Plaintiffs have done is the following: (1) suggest that the affidavits attached to Defendants' motions for summary judgment are "self-serving;" (2) provide counsel's opinions about the accuracy of the affidavits and conclusions that can or should be drawn from the video; and (3) ask the Court to consider several documents that have not been properly authenticated.

As to Plaintiffs' first contention, Defendants concede that the supporting affidavits are "self-serving." But FRCP 56 contains no prohibition on self-serving affidavits. Indeed, it would be a rare

2

case where a party moving for summary judgment filed affidavits that helped the other side.

While counsel for Plaintiff may take issue with the quality of the evidence submitted by Defendants or about what that evidence does or does not show, counsel's opinion is not something this Court may or should consider in ruling on motions for summary judgment.

The types of evidence that may be used to support or oppose summary judgment are described in FRCP 56. Only admissible evidence may be considered by the trial court in ruling on motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994). The documents attached to two of Plaintiffs' briefs are unauthenticated, so they do not constitute proper Rule 56 evidence. Unauthenticated evidence may be considered by the district court only when the opposing party fails to object. In this case, Defendants object to consideration of the unauthenticated documents attached to Plaintiffs' briefs. Even if Plaintiffs' unauthenticated documents are considered, however, they do not contradict anything contained in the affidavits submitted by Defendants, nor do they create a genuine issue of material fact on any of Plaintiffs' claims.

Plaintiffs also complain that Defendants "have failed to adequately supply the Plaintiff with documents that demonstrate that race was not a factor in Defendants' decisions to discipline the Plaintiff children." Document #73, pg. 5; Document #74, pg. 4; Document #75, pg. 4. The reality is that Defendants have produced hundreds of documents in response to written discovery. If Plaintiffs believed in good faith that Defendants' responses were inadequate, they had every right to seek relief from the Court before the discovery cutoff date. They did not. Plaintiffs may not avoid summary judgment on that basis.

While Plaintiffs' failure to provide Rule 56 materials does not by itself mean that Defendants' motions for summary judgment should automatically be granted, that failure narrows the

scope of the Court's review of the case. In the absence of proper evidence from Plaintiffs, the issue for the Court to resolve is whether the facts presented by Defendants are sufficient to warrant summary judgment. Defendants' motions explained why they believe they are entitled to summary judgment, and there is no need to repeat those arguments here.

## II. WCS's MOTION FOR JUDGMENT ON THE PLEADINGS

In addition to moving for summary judgment, WCS moved for judgment on the pleadings because Plaintiffs have not alleged that WCS had an official policy, practice or procedure of discriminating against African-American students. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Plaintiffs have not opposed that motion.

Respectfully submitted,

**WESTON HURD LLP**

/s/ W. Charles Curley
W. Charles Curley (0007447)
10 W. Broad St., Suite 2400
Columbus, Ohio 43215-3469
Phone: (614) 280-0200
Fax: (614) 280-0204
E-mail: wcurley@westonhurd.com

Attorney for Defendants
Westerville City Schools Board of Education, Jeanne Roth and Deirdre Vandewater

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically this 16th day of June, 2013. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ W. Charles Curley
W. Charles Curley (0007447)